IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br>                      **Plaintiff**, <br><br>v. <br><br>**DARREL DEAN GUINN**, <br><br>                      **Defendant**. | Case No. 22-201-01-DDC |

**MEMORANDUM AND ORDER**

      The government accused defendant Darrel Dean Guinn of sexual abuse and coercion against three children who resided with him. Specifically, it charged Mr. Guinn with one count of aggravated sexual abuse of a child, one count of abusive sexual contact, and two counts of coercion and enticement. The case reached trial, and, at the end of the government's evidence, Mr. Guinn moved orally to dismiss all charges under Fed. R. Crim. P. 29. As permitted by the rule, the court reserved judgment on the motion. *See* Fed. R. Crim. P. 29(b). The jury later found Mr. Guinn guilty on all four charges. Doc. 58 (Verdict Form).

      Mr. Guinn has supplemented his Rule 29 motion, filing a supporting Memorandum. *See* Doc. 63. The government submitted its Response in Opposition. Doc. 72. And so, now armed with the parties' more targeted arguments, the court is prepared to decide the motion. For reasons explained below, the court denies his motion in part and grants it in part. Specifically, the court grants the motion as applied to the charges in Counts Two and Four. But it denies the motion as applied to the charges in Counts One and Three.

I.      Background

On July 5, 2022, the grand jury returned an Indictment charging Mr. Guinn with four separate counts.  Doc. 2 at 1–4 (Indictment).

Count One charged Mr. Guinn with violating 18 U.S.C. §§ 1151, 1153, and 2241(c).  That is, the Indictment accused Mr. Guinn of knowingly engaging in or attempting to engage in a sexual act with a child who had not attained the age of 12.  *Id.* at 1.  The Indictment alleges Mr. Guinn committed these acts within Indian Country, on or about June 23, 2020, through August 1, 2021, against K.L., a child who had not attained the age of 12 years.  *Id.*

Count Three charged Mr. Guinn with violating 18 U.S.C. §§ 1151, 1153, and 2244(a)(3)—a crime described as knowingly engaging in and causing sexual contact with a child who had attained the age of 12 years but had not yet attained the age of 16 years and was at least four years younger than the defendant.  *Id.* at 3.  Specifically, the Indictment alleges Mr. Guinn committed these acts within Indian Country, on or about October 2, 2020, through August 1, 2021, against L.G.  *Id.*

Counts Two and Four charged that Mr. Guinn knowingly persuaded, induced, enticed, coerced, and attempted to persuade, induce, entice, and coerce a minor who had not attained the age of 18 years, to engage in any sexual activity for which a person can be charged with a criminal offense.  *Id.* at 2, 4.  Count Two of the Indictment asserts that Mr. Guinn committed these acts within Indian Country, on or about October 2, 2020, through August 1, 2021, against L.G.  *Id.* at 2.  Count Four of the Indictment asserts that Mr. Guinn committed these acts within Indian Country, from on or about August 1, 2020, through June 30, 2021, against Z.G.  *Id.* at 4.  The government alleges that the acts charged in both Counts Two and Four violated 18 U.S.C. §§ 1151, 1153, and 2422(b).  *Id.* at 2, 4.

Trial began on January 23, 2023. Doc. 51 (Minutes of Proceeding, "Jury Trial Began"). At the close of the government's case, Mr. Guinn moved under Fed. R. Crim. P. 29 for acquittal on all counts. Doc. 56 at 1. The court decided to reserve its ruling on Mr. Guinn's motion, *see* Fed. R. Crim. P. 29(b), and the trial continued. The jury then found Mr. Guinn guilty on all four charges. Doc. 58 at 1–3 (Verdict Form). Post-trial, he presented his arguments supporting the Rule 29 motion in a written memorandum. *See* Doc. 63. The government responded in writing to Mr. Guinn's written submission, urging the court to deny Mr. Guinn's Rule 29 motion. *See* Doc. 72 (Government's Response). This Order delivers the court's decision on defendant's motion. Its analysis begins with the controlling legal standard.

II.     **Legal Standard**

Fed. R. Crim. P. 29(a) provides: "After the government closes its evidence . . . the court on the defendant's motion must enter a judgement of acquittal of any offense for which the evidence is insufficient to sustain a conviction." As already referenced, subsection (b) of this rule authorizes the court to reserve decision on a Rule 29 motion and decide it, if necessary, after the verdict. Fed. R. Crim. P. 29(b). But, when the court reserves judgment on such a motion, "it must decide the motion on the basis of the evidence at the time the ruling was reserved." *Id.*

When deciding a motion for acquittal, the court must consider the evidence "in the light most favorable to the government." *E.g.*, *United States v. Dahda*, 853 F.3d 1101, 1106 (10th Cir. 2017). The essential question at the Rule 29 stage asks, "whether any rational jury" could find defendant "guilt[y] beyond a reasonable doubt." *Id.* (citing *United States v. Yehling*, 456 F.3d 1236, 1240 (10th Cir. 2006)). The court must consider direct and circumstantial evidence, along with reasonable inferences drawn from the evidence. *United States v. Montgomery*, 468 F.3d 715, 719 (10th Cir. 2006) (citing *United States v. Scull*, 321 F.3d 1270, 1282 (10th Cir. 2003)). The court may not "weigh conflicting evidence nor consider the credibility of witnesses"

3

as those functions belong to the factfinder.  *United States v. Moya*, 5 F.4th 1168, 1183 (10th Cir. 2021) (citing *United States v. McKissick*, 204 F.3d 1282, 1289–90 (10th Cir. 2000)).

**III.     Analysis**

The court concludes that the government provided ample evidence for a rational jury to convict Mr. Guinn on Counts One and Three.  But the analysis governing Counts Two and Four goes a different direction.  Following, the court begins with the aggravated sexual abuse charge (Count One) under 18 U.S.C. § 2241(c).  The court then turns to the charge under 18 U.S.C. § 2244(a)(3), abusive sexual contact (Count Three).  The court concludes with the two coercion and enticement charges under § 2422(b) (Counts Two and Four).

**A.     Count One:  18 U.S.C. §§ 1151, 1153, and 2241(c), involving victim K.L.**

Count One claims that Mr. Guinn violated 18 U.S.C. §§ 1151, 1153, and 2241(c) by knowingly engaging in or attempting to engage in a sexual act with a child who had not attained the age of 12.  Doc. 2 at 1 (Indictment).  The operative statute for this charge is § 2241(c).[1]  And the pertinent jury instruction—to which neither party objected—listed four elements for conviction on Count One:

1. Mr. Guinn "knowingly engaged in a sexual act with K.L.;"

2. "At the time of the sexual act, K.L. had not attained the age of 12 years;"

3. Mr. Guinn "is Indian;" and

4. "The offense occurred within Indian Country in the Northern District of Oklahoma."

Doc. 55 at 11 (Instruction No. 10).  Mr. Guinn's acquittal motion focuses on just one aspect of this Instruction's charge—the first one.  It required proof that the defendant "knowingly engaged

---

[1] Sections 1151 and 1153 are not unimportant, but the substance of the current motion doesn't place them at issue.  The former defines the term "Indian country" and the latter places certain crimes, when committed by an "Indian," within "the exclusive jurisdiction of the United States."  *Id.*

4

in a sexual act with K.L." *Id.* The court outlines this element's legal requirement and then summarizes defendant's arguments about this aspect of his Rule 29 motion.

The first element required the government to prove that Mr. Guinn "knowingly engaged in a sexual act with K.L." Doc. 55 at 11 (Instruction No. 10). The Instructions also define the term "sexual act" to mean:

1. "contact between the penis and the vulva or the penis and the anus; contact involving the penis occurs upon penetration however slight;"

2. "contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;"

3. "the penetration, however slight, of the anal or genital opening of another by a hand or finger, with an intent to abuse, humiliate, harass, degrade or arouse or gratify the sexual desire of any person;" or

4. "the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person."

*Id.* at 15 (Instruction No. 13). This definition of "sexual act" comes from § 2246(2), which is part of Chapter 109A—the same chapter containing § 2241(c).

Mr. Guinn first argues that the government "did not to prove all elements required to sustain a conviction on Count 1." Doc. 63 at 1. This account of the record is errant, as the government notes in its Response. *See* Doc. 72 at 3. K.L. testified that the defendant placed a specified part of his body inside her. And she described, specifically, the part of her body that Mr. Guinn contacted with his penis. *Id.* This victim's testimony also permitted the jury to find, rationally, that defendant had penetrated the victim. *See* Doc. 55 at 15 (Instruction No. 13, reciting alternatives recognized by § 2246(2)). So, the record rejects defendant's "no evidence" argument.

5

The defendant's second argument refines his first. It contends that the "questioning show[s] K.L. was coached into stating [that Mr. Guinn] had raped her[.]" Doc. 63. Those persons "closest to her, siblings and [an adult family friend known as] WaWa" had coached K.L., defendant claims, as part of an attempt "to show [defendant] engaged in a sexual act with" K.L. *See* Doc. 63 at 2 (Mr. Guinn's Supporting Memorandum). This argument was a perfectly appropriate one for Mr. Guinn to make to the jury. But just as surely, it was rational for the jury to reject Mr. Guinn's interpretation of the evidence. Its verdict reflects that it did so.

Rule 29 doesn't permit the court to reweigh evidence or reevaluate the credibility of witnesses. *See, e.g.*, *Moya*, 5 F.4th at 1183 (when reviewing sufficiency of the evidence, courts "do not weigh the evidence or consider the relative credibility of witnesses."). Nor can the court substitute its views on those fronts for those implied by the jury's verdict. Doing so would violate the requirement that the court view the evidence "in the light most favorable to the government[.]" *Dahda*, 853 F.3d at 1106. In sum, Mr. Guinn's motion fails to establish that no rational trier of fact could have found the essential elements of the crime under the reasonable doubt standard. The court thus denies this aspect of Mr. Guinn's Rule 29 motion.

Now, in part B, the court turns to defendant's challenge to the verdict on Count Three.

**B.     Count Three:  18 U.S.C. §§ 1151, 1153, and 2244(a)(3), involving victim L.G.**

Mr. Guinn's challenge to the verdict on Count Three contests the governing standard. Challenging the verdict for the charge under § 2244(a)(3)—abusive sexual contact with a minor in Indian Country—he claims that the government didn't prove all the required elements. Doc. 63 at 4. More specifically, he claims that none of the evidence could satisfy the requirements established in Instruction No. 13, which defined "child" and "sexual act" and "sexual contact." *Id.* at 5; Doc. 55 at 15 (Instruction No. 13). The first element of this crime, he asserts, required evidence of "some penetration however slight" to sustain the verdict on Count Three. *Id.* The

6

government presented no evidence of contact capable of supporting a jury finding of penetration of the pertinent victim. At most, he asserts, the government proved "a pressing" of his "lower half against" the victim's "bum." *Id.* So, Mr. Guinn reasons, the government didn't shoulder its burden to adduce such evidence and the court thus must acquit him on Count Three.

Mr. Guinn cites no legal authority to support his position that a § 2244(a)(3) conviction requires penetration. Indeed, the operative definition for the crime charged in Count Three—"sexual contact"—never uses the verb penetrate, the noun penetration, or any other form of that word. *Compare* § 2246(3) *with* Doc. 55 at 14 (Instruction No. 12) (elements Instruction for charge on §2244(a)(3) crime) and *id.* at 15 (defining "sexual contact"). Contrary to Mr. Guinn's argument, the controlling definition of "sexual contact" provides that Mr. Guinn committed this crime if he, among other requirements, "intentionally touch[ed], either directly or through the clothing," specified body parts of another person "with an intent to abuse, humiliate, harass, degrade, or arouse or gratify" any person. § 2246(3). The government's response, like Mr. Guinn's motion, doesn't identify any legal authority on the question. And the court's research found no Tenth Circuit case addressing the question framed by defendant's argument, *i.e.*, whether penetration is (as Mr. Guinn now argues) a requirement for a § 2244(a)(3) conviction. But the court's research located two opinions from other Circuits that go directly to defendant's argument.

The first comes from the Eighth Circuit, *United States v. Plenty Chief*, 561 F.3d 846 (8th Cir. 2009). The outcome there hinged on a different issue than the one presented here. But the Eighth Circuit's analysis of this issue required the court to differentiate between "abusive sexual contact"—the charge here in Count Three under § 2244(a)(3)—and "sexual abuse of a minor," which § 2243 criminalizes. *Id.* at 853. *Plenty Chief*'s analysis took the Eighth Circuit to its

7

holding in *United States v. Bercier*, 506 F.3d 625 (8th Cir. 2007). *See* 561 F.3d at 852. As *Plenty Chief* explains, *Bercier* held that a defendant's conduct during a single sexual assault can "establish[] that [the defendant] engaged in conduct that violated each statute [,]" meaning both § 2244(a)(3) and § 2243. *Id.* (second brackets in original) (quoting *Bercier*). *Bercier*, *Plenty Chief* explains, held that "'touching and kissing' the victim's breast constituted 'abusive sexual contact' under § 2244(a)". *Id.* (quoting *Bercier*, 506 F.3d at 634). *Bercier* explicitly differentiated between this kind of conduct and "digital sex" which could qualify as penetration under § 2246(2)'s definition of "sexual act[.]" *Id.* All in all, the court reads *Plenty Chief* and *Bercier* to conclude that § 2244(a)(3) doesn't require evidence of penetration.

More explicit yet is the Fourth Circuit's analysis in *United States v. Jennings*, 496 F.3d 344 (4th Cir. 2007). *Jennings* carefully reviews the relationship among the various crimes codified in Chapter 109A of Title 18, *i.e.*, §§ 2241–2248. *Id.* at 353. And *Jennings* explains how §§ 2241–2243 criminalize "abusive sexual *acts*" but, separately, also criminalize conduct amounting to "abusive sexual contact[.]" *Id.*[2] The court won't recite the *Jennings* detailed analysis in full here but, instead, directs the parties to the passage differentiating between "abusive sexual acts" and "less serious" sexual "contact offenses." *Id.* Here's the part that matters:

> "Abusive sexual acts" includes rape, sodomy, oral sex, penetration by object, and direct touching of the victim's unclothed private parts, *see* 18 U.S.C. § 2246(2), whereas "sexual contact" constitutes a less serious form of sexual abuse and includes "intentional touching, either directly or through the clothing, of sexual areas," *see id.* § 2246(3).

---

[2] *Jennings* explains the relationship between the two categories of sex crimes this way. "Instead of creating a separate scheme for abusive sexual contact in § 2244, Congress simply repeated the scheme it had laid out for abusive sexual acts in §§ 2241 through 2243 by incorporating those provisions into § 2244." 496 F.3d at 353.

*Id.*[3]

In sum, defendant's argument that § 2244(a)(3) requires proof of penetration does not persuade the court. The court predicts that our Circuit would apply the same reasoning embraced by the Eighth and Fourth Circuits. It thus rejects defendant's lone argument on Count Three and denies his Rule 29 motion attacking that charge.

### C. Counts Two and Four: 18 U.S.C. §§ 1151, 1153, and 2422(b), involving victims L.G. and Z.G.

Last, Mr. Guinn's motion asks the court to enter judgment in his favor on Counts Two and Four, which charged him with violating §§ 1151, 1153, and 2422(b) of Title 18 of the United States Code. Highly summarized, Mr. Guinn contends the government failed to prove the first element necessary to sustain a conviction on this charge, *i.e.*, that defendant "knowingly persuaded, induced, enticed, or coerced or attempted to persuade, induce, entice, or coerce" a person under 18 years of age to engage in sexual activity. *See* Doc. 63 at 2–4.

The government's response concedes this corner of Mr. Guinn's motion, but on a different basis. Doc. 72 at 14. The government concedes that the court "should grant the Rule 29 motion as [it applies] to Counts Two and Four, because coercion and enticement under 18 U.S.C. § 2422(b)"—the substantive charge at issue in those counts—"is not a major crime for purposes of 18 U.S.C. § 1153." *Id.* Sharpening the point on this concession, the government recognizes that the Major Crimes Act "is limited to the felonies enumerated in § 1153," a provision that reaches "felonies under chapter 109A" and other felony child abuse and neglect crimes—but not felonies under chapter 117, the home of the crime recognized in § 2422(b). Doc. 72 at 14. This circumstance, the government concedes, renders the Indictment deficient as

---

[3] The district court's analysis of the same issue is more detailed yet. *See* 438 F. Supp. 2d 637, 642–45 (E.D. Va. 2006).

applied to Counts Two and Four. And so, to its credit, the government "concedes that the jury's verdict on those counts cannot stand." *Id.* at 15.

The court accepts the government's concession and thus directs the Clerk, when appropriate, to enter a judgment of acquittal in Mr. Guinn's favor on Counts Two and Four of the Indictment.

### IV.     Conclusion

As explained above, the court denies Mr. Guinn's motion under Fed. R. Crim. P. 29 as applied to Counts One and Three of the Indictment. The court accepts, however, the government's concession as it applies to Counts Two and Four and thus directs the Clerk, when appropriate, to enter a judgment of acquittal on those two charges.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Darrel Dean Guinn's Rule 29 motion is denied as it applies to Counts One and Three of the Indictment.

**IT IS FURTHER ORDERED THAT** defendant Darrel Dean Guinn's Rule 29 motion is granted on Counts Two and Four of the Indictment. When appropriate, the Clerk must enter a judgment of acquittal on Counts Two and Four.

**IT IS SO ORDERED.**

**Dated this 23rd day of January, 2024.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
